UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY ANN ANNIS,<br><br>        Plaintiff,<br><br>    v.<br><br>RACHEL HAMILTON, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00051-DAD-SKO<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE<br><br><u>ORDER DENYING MOTION FOR "NON-JUDICIAL TEMPORARY RESTRAINING ORDER"</u><br><br>(Doc. 3) |

      Plaintiff Audrey Ann Annis is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his complaint on January 12, 2022. (Doc. 1). Upon review, the Court concludes that the complaint fails to state any cognizable claims.

      Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement

1

with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

Also pending before the Court is Plaintiff's motion for a "non-judicial temporary restraining order" (Doc. 3), which is denied without prejudice for the reasons set forth below.

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual

1  and legal basis for each claim that is sufficient to give each defendant fair notice of what the
2  plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the*
3  *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).
4        In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept
5  as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94
6  (2007). Although a court must accept as true all factual allegations contained in a complaint, a
7  court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint
8  [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the
9  line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S.
10 at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint names as defendants "Officer/Trustee Sales Representative: Rachel Hamilton," "Prosecutor: Tiffany & Bosco, P.A., agent of National Default Servicing Corporation," and "Lender: Select Portfolio Servicing Inc.," and alleges as follows:

> The defendant's, acted with deliberate indifferent to the Constitution and federal laws when performed an illegal traffic stop without an injured party. During that stop police officer Rachel Hamilton issues the plaintiff a traffic ticket. The police officer signed the summons as an officer of the court in violation of the "separation of the power clause in the constitution. The defendant's conspired to violate the plaintiffs right UNDER 42 U.S. CODE SEC. 1983, the plaintiffs right to due process. The defendants violated the administrative procedures act of 1946, which in short mandate that corporations and policies must be in harmony with the constitution, and federal laws. The structure of the traffic ticket R.I.C.O. scheme shows it is unconstitutional starting at the gate when the police officer illegally signs in the place of a judicial officer of the court. The officer is trained to proceed illegally and granted incentive when the officer issues a high number of illegal traffic tickets. The plaintiff has been violated by the employee enforcing the city rules, policies. Also, the plaintiffs right to due process is violated by the court's procedures and local rules. The parties in this traffic ticket scheme court have a conflict of interest because they all are being paid by the same state corporation. Municipal court has no legal judicial authority to make a legal determination in an administrative court process.

(Doc. 1 at 4 ("Short And Plain Statement of The Claim").) Under a section titled "Claims," Plaintiff lists violations of 42 U.S.C. § 1983, the Administrative Procedures Act of 1946, "the plaintiff's

3

right to Due Process under the 5th Amendment," and "the Tucker's ACT." (*Id*. at 10.) Plaintiff demands 20 million dollars in "compensatory, punitive, and future damages" and that the Court "revoke Tiffany & Bosco, P.A., agent of National Default Servicing Corporation, bond and license to practice law." (*Id*. at 5.) Plaintiff also requests that the Court "order the court corporation to allow plaintiff to have a vote in any manners concerning administrative operations" and to "have all records of the alleged traffic infraction/arrest removed from the record including any jail time." (*Id*. at 2, 11.)

### III.   EVALUATION OF PLAINTIFF'S COMPLAINT

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies, where appropriate.

**A.   Section 1983**

Title 42 U.S.C. § 1983 ("Section 1983"), known as the Civil Rights Act, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person

deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of *respondeat superior*; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under Section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in

the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

As set forth below, Plaintiff has not pleaded a cognizable claim under Section 1983.

1. <u>Under Color of State Law</u>

It is unclear that any of the named defendants were acting under color of state law. While Plaintiff identifies Defendant Rachel Hamilton was a "police officer" (Doc. 1 at 4), elsewhere in the complaint Defendant Hamilton is identified as a "Trustee Sales Representative" for National Default Servicing Corporation (id. at 6, 9, 12). Defendant Tiffany & Bosco, P.A. is listed as "Prosecutor" (Doc. 1 at 1), but is also identified as an "agent of National Default Servicing Corporation" (id. at 1, 5, 6, 9.) The remaining defendant, Select Portfolio Servicing Inc., is identified as "Lender." (Doc. 1 at 1, 9.)

Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). While such private parties may a cause a deprivation of a constitutional right, they are not subject to Section 1983 liability unless (1) they acted under color of law, and (2) their conduct was properly attributable to the government. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Associates & Aldrich Co. v. Times Mirror Co.*, 440 F.2d 133, 134–36 (9th Cir. 1971) (violations of certain constitutional rights actionable under federal law only when accomplished by one who is clothed with authority of state and purporting to act thereunder) (citations and internal quotations omitted); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936–37 (1982) (private corporation does not act under color of law unless its actions are fairly attributable to the government). Even when a private entity acts "under color of state law," it cannot be held liable under Section 1983 unless the entity itself caused the plaintiff's injuries—*i.e.*, the alleged wrongdoing was committed pursuant to "a policy, decision, or custom promulgated or endorsed by the private entity." *White v. Golden State Eye Ctr.*, No. CV 1–04–

6

06645–JMR, 2009 WL 817937, *3 (E.D. Cal. Mar. 26, 2009); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) ("a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies"—*i.e.*, "a policy, custom or action by those who represent [the private entity's] official policy that inflicts injury actionable under § 1983") (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 694 (1978)). Nor can Section 1983 liability against a private entity be based solely on respondeat superior, *i.e.*, vicarious liability for the acts or omissions of the entity's employees. *White*, 2009 WL 817937 at *3; *Warwick v. Univ. of the Pacific*, No. C 08-03904 CW, 2010 WL 2680817, *8 n.11 (N.D. Cal. July 6, 2010) (citing cases)). A private employer is liable only "when the employer is the driving force behind the constitutional violations alleged against its employees, who are operating as state actors." *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006).

Plaintiff's complaint fails plausibly to allege that Defendants Tiffany & Bosco, P.A. and Select Portfolio Servicing Inc. are liable under Section 1983 for any deprivation of Plaintiff's constitutional rights under color of state law. Specifically, Plaintiff does not allege facts that plausibly suggest that these defendants maintained a policy, decision, or custom that violated Plaintiff's constitutional rights, much less one that may properly be attributed to the government for purposes of Section 1983.

### 2. Linkage

Plaintiff alleges that Defendant Rachel Hamilton issued a traffic ticket to Plaintiff and in so doing "conspired to violate . . . the plaintiff's right to due process" under Section 1983. (Doc. 1 at 1.) However, Plaintiff has not sufficiently linked any other named defendants to the claim. The requisite linkage is not satisfied by the conclusory assertion that "defendants" violated his rights, and such allegation that "defendants . . . acted with deliberate indifferent [sic] to the Constitution and federal laws when performed [sic] an illegal traffic stop without an injured party" (Doc. 1 at 4) falls short of supporting a claim. *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 555 (explaining that Fed. R. Civ. P. 8(a) requires a plaintiff to plead "more than labels and conclusions").

### 3. Pending State Criminal Charge or Criminal Conviction

Although unclear given the identification of the named defendants, the gravamen of Plaintiff's complaint appears to be concerning the issuance of a traffic ticket and summons to appear in municipal court. (Doc. 1 at 4.) To the extent Plaintiff challenges his pending state criminal charge and/or criminal conviction for a traffic violation, it is not, as currently pleaded, a cognizable Section 1983 claim. *See Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994) (Federal courts "may not interfere with pending state criminal or civil proceedings.") (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a Section 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.).

### 4. Fifth Amendment

Plaintiff's complaint alleges his constitutional right to due process arising under the Fifth Amendment was violated. (Doc. 1 at 4, 10.) The Fifth Amendment protects one's right to be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "[T]he Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). None of the defendants named in the complaint are federal actors. As such, Plaintiff fails to state a cognizable claim for relief for violation of the Fifth Amendment's due process clause.

The Fourteenth Amendment, in turn, prohibits state deprivations without due process. *Bingue*, 512 F.3d at 1174. However, even construing the complaint liberally, the Court cannot discern from the complaint which, if any, of Plaintiff's rights arising under the Fourteenth Amendment were violated or what affirmative act or omission each defendant committed to cause such a violation.

### 5. Prosecutorial Immunity

Plaintiff appears to name as a defendant the prosecutor who prosecuted his traffic ticket in municipal court. (*See* Doc. 1 at 1.) Plaintiff cannot state a viable claim for damages under Section 1983 against the state prosecutor, however, as they are entitled to absolute prosecutorial immunity

8

for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for initiating prosecutions and presenting cases).

**B.     Administrative Procedures Act**

Plaintiff alleges a violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 500 *et seq.* (*See* Doc. 1 at 10.) The APA cited by Plaintiff governs the manner in which administrative agencies of the federal government propose and establish regulations. (*See id*. at 8–9.) As stated above, Plaintiff appears to be challenging conduct of state officials, not federal government employees, regarding a traffic citation and prosecution. Accordingly, the APA has no application to this action.

**C.     "Tucker's Act"**

Finally, Plaintiff alleges a violation of the "Tucker's Act" (*see* Doc. 1 at 10), which the Court construes to mean the Tucker Act. Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to hear claims against the United States founded upon "any express or implied contract with the United States . . . ." *See* 28 U.S.C. § 1491(a)(1). The jurisdiction of the Court of Claims is exclusive when the amount in controversy is more than $10,000. *United States v. Hohri*, 482 U.S. 64, 66 n. 1 (1987). The "Little Tucker Act," on the other hand, gives the district courts concurrent jurisdiction with the Court of Claims when the amount in controversy in less than $10,000. *See id.; N. Star Alaska v. United States*, 9 F.3d 1430, 1432 (9th Cir.1993) (citing 28 U.S.C. § 1346(a)(2)).

Plaintiff does not allege the existence of an express or implied contract with the United States, nor does he assert a breach of such contract by the United States. Even if he had, however, because Plaintiff is seeking damages in the amount of 20 million dollars, the Federal Court of Claims would exclusive jurisdiction over this matter, and this Court would have no jurisdiction to hear this claim.

**D.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable

claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so Plaintiff can provide additional factual allegations.  *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights.  Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

**IV.    MOTION FOR "NON-JUDICIAL TEMPORARY RESTRAINING ORDER"**

Along with his complaint, Plaintiff filed a motion for "non-judicial temporary restraining order," seeking a restraining order and an injunction  (Doc. 3) Plaintiff requests that the Court "restrain the defendants from any further state court action until the federal court dispute is adjudicated" and "vacate any state court judgments or orders in the interest of justice." (*Id*. at 4.)

### A. Applicable Law

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). The standards for both forms of relief are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and likely irreparable injury. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Warsoldier v. Woodford*, 418 F.3d 989, 993–94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); Fed. R. Civ. P. 65. To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Additionally, the function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where, as here, the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir.1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party."). The Ninth Circuit Court of Appeals has held that this type of mandatory injunctive relief is disfavored and should be denied unless the facts and law clearly favor the movant. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). There is also heightened scrutiny where the injunction would provide substantially all the relief the movant may recover after a full trial on the merits. *Kikumura v. Hurley*, 242 F.3d 950, 955 (9th

Cir. 2001).  Finally, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*"  *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

**B.     Discussion**

Here, Plaintiff's motion is insufficient to demonstrate he is entitled to injunctive relief.  The Court has screened complaint and has determined that it does not state any cognizable claims for relief against the named defendants.  (*See above*.)  Thus, Plaintiff cannot meet his burden to demonstrate a likelihood of success on the merits at this stage of the proceedings.  *See Winter*, 555 U.S. at 22.

Plaintiff is permitted an to file an amended pleading.  Plaintiff is not entitled to seek injunctive relief until such time as the Court finds that his operative complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint as authorized by the Court.  Plaintiff's motion for injunctive relief will therefore be denied at this time without prejudice to its renewal at a later stage of this litigation.

## V.     ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion for "Non-Judicial Temporary Restraining Order") (Doc. 3) is denied without prejudice;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on this complaint;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:22-cv-00051-DAD-SKO; and
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 25, 2022**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE